UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Wesley Edward Smith, III,  ) C/A No. 2:10-403-DCN-RSC
                           )
            Plaintiff,     )
                           )
vs.                        )
                           ) Report and Recommendation
State of South Carolina,   )
                           )
            Defendant.     )
                           )

This is a civil action filed *pro se*. Plaintiff has filed an Application to Proceed *in forma pauperis* in this case. The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

All of the allegations in the Complaint filed in the instant case are identical to the allegations in the complaints filed by Plaintiff in Civil Action No. 2:10-401-DCN-RSC and Civil Action No. 2:10-402-DCN-RSC, with the exception of three details, i.e. the instant Complaint's: (1) use of the terms "plaintiff" and "defendant," which are correctly used to designate the parties in the instant case; in the other two cases, the designations were erroneously reversed and inconsistently applied by Plaintiff; (2)

1

use of the date "3 June 2002" as the date of Plaintiff's alleged injury by Defendant; in the other two cases, Plaintiff alleged injury on "3 January 2002"; (3) inclusion of the following italicized portion of the sentence in paragraph six (6): "[o]n 3 June 2002, the Plaintiff a professional handled the situation in the proper manner exercise good habits of judgment and reasonable care *while residing at 5363 Greggs Landing drive N. Charleston, South Carolina and was subjected to the State of South Carolina judicial process that a forfeiture action that resulted in default judgment and legal rights to his home were rendered.* The plaintiff has been denied all attempts to internally resolve the issues with the defendant, State of South carolina, its state actors, as the requirement of due process to all citizens within the State." Paragraph six (6) in Plaintiff's other two complaints substituted the following phrase for the above italicized phrase: "while teaching at the Military Magnet School and was subjected to the State of South Carolina['s] judicial process, charged with a crime and loss of employment". In all other respects, the allegations in the instant Complaint repeat verbatim the allegations in the complaints filed by Plaintiff in the other two cases.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison

2

Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1] Even under this less stringent standard, the

---

[1] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the

Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The undersigned recommended that Plaintiff's complaints in Civil Action Nos. 2:10-401-DCN-RSC and 2:10-402-DCN-RSC be dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction. This Court may take judicial notice of Civil Action Nos. 2:10-401-DCN-RSC and 2:10-402-DCN-RSC. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

None of the additional allegations contained in the Complaint filed in this case change the fact that the Complaint as a whole fails to state a claim upon which this Court can grant relief. Once again, Plaintiff is seeking damages for an alleged personal injury (here, loss of a home, in the other two cases, loss of a job) resulting from state court proceedings. This case is subject to summary dismissal for the same reasons the complaints filed in Civil Action No. 2:10-401-DCN-RSC and 2:10-402-DCN-RSC were subject

---

pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

4

to summary dismissal: lack of federal jurisdiction to consider Plaintiff's claims. As the *Aloe* court commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

425 F.2d at 1296.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss Plaintiff's Complaint *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

                                           /s/ Robert S. Carr
                                           Robert S. Carr
                                           United States Magistrate Judge

March 5, 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).